IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VOLKSWAGEN GROUP OF AMERICA, INC.  )
                                    )
              Plaintiff,    )
                                    )
   v.                              )       1:11CV29
                                    )
SOUTHERN STATES VOLKSWAGEN, L.L.C. )
                                    )
             Defendant.    )

**<u>MEMORANDUM ORDER ON MOTION FOR STAY</u>**

This matter is before the court on the Motion for Stay of Prosecution by Defendant Southern States Volkswagen, L.L.C. ("Southern States"). (Doc. 8.) Plaintiff Volkswagen Group of America, Inc. ("Volkswagen") has responded (Doc. 12), and the time for further briefing has expired. The motion is ripe for decision.

Southern States moves pursuant to section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, to stay prosecution of this action "pending final arbitration as provided in the Volkswagen Dealer Agreement Standard Provisions" ("Standard Provisions") entered into by the parties on February 16, 2001. Specifically, Southern States relies on Article 13(3), which states that, "[a]s an alternative to Article 13(2) above, upon the written request of Dealer, a dispute arising in connection with this Agreement will be submitted to binding arbitration."

(Doc. 8-1[1].)  Southern States asserts that it has requested binding arbitration in writing.  (Doc. 8 at 1; see Doc. 8-2 (letter from Southern States' counsel to Volkswagen).)

Volkswagen opposes the motion on two grounds.  First, it argues that Article 13(1) of the Standard Provisions divides disputes subject to arbitration into two groups: (1) those arising under certain enumerated provisions of the Standard Provisions, for which arbitration is required; and (2) all other disputes arising under any other provision of the Standard Provisions, for which arbitration is required only when both Southern States and Volkswagen agree to it.  The dispute in question, Volkswagen asserts, does not fall within one of the enumerated provisions and, as a result, the instant dispute cannot be submitted to arbitration without Volkswagen's agreement, which is specifically withheld.  (Doc. 12 at 2-4.)

Second, as an alternative ground, Volkswagen notes that Southern States failed to file a separate brief in support of its motion for stay.  Volkswagen asserts that a motion for stay of prosecution is not included in the list of motions in this district's Local Rule 7.3(j), which exempts the requirement for the filing of a separate brief and, as a result, the court should exercise its discretion under Local Rule 7.3(k) to

---

[1] Exhibit A to the motion for stay (Doc. 8-1) contains an incomplete version of the Standard Provisions.  A complete version is provided in Exhibit 2 to the complaint (see Doc. 1-2).

2

summarily deny the motion. (Doc. 12 at 1-2, 4-5.) Because the court finds Volkswagen's first argument persuasive, it need not reach the second, procedural argument.

Under the FAA, a court must stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The determination of the scope of an arbitration agreement is a task of contract interpretation. United States v. Bankers Ins. Co., 245 F.3d 315, 319 (4th Cir. 2001). Federal policy favors arbitration, and courts are to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration[.]" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011) (noting the Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration").

The parties accept the existence of an arbitration agreement but disagree as to its scope. The Dealer Agreement between the parties, which incorporates the Standard Provisions, provides that the contract shall be interpreted under North Carolina law. (Doc. 1-1 ¶¶ 2, 8) Consistent with federal policy, North Carolina has expressed "strong support for utilizing arbitration to settle disputes." Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001) (citing Johnston Cnty.,

3

N.C. v. R.N. Rouse & Co., 331 N.C. 88, [91-92,] 414 S.E.2d 30, 32 (1992)).

The FAA, however, makes "arbitration agreements as enforceable as other contracts, but not more so." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 n.12 (1967). "[T]he federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 476 (1989); accord Sears Roebuck & Co. v. Avery, 163 N.C. App. 207, 211, 593 S.E.2d 424, 428 (2004) ("As the United States Supreme Court has stressed, 'arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes – *but only those disputes* – that the parties have agreed to submit to arbitration.'" (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995))).

Read in isolation, Article 13(3) suggests that a dealer like Southern States may demand binding arbitration of any dispute. The intention of the parties, however, is to be collected from the entire instrument and not from detached portions. Robbins v. C.W. Myers Trading Post, Inc., 253 N.C. 474, 477, 117 S.E.2d 438, 440-41 (1960) (noting that a contract "must be construed as a whole" and all parts given effect if possible and individual clauses read in context). "[A]n

4

interpretation which gives a reasonable meaning to all provisions of a contract will be preferred to one which leaves a portion of the writing useless or superfluous." Int'l Paper Co. v. Corporex Constructors, Inc., 96 N.C. App. 312, 316, 385 S.E.2d 553, 556 (1989).

Articles 13(1) through (3) of the Standard Provisions provide in relevant part:

**Dispute Resolution**

**General Policy**

> (1) [Volkswagen] and Dealer agree as a general matter to work together to minimize disputes between them. **While understanding that certain Federal and state courts and agencies may be available to resolve any disputes, [Volkswagen] and Dealer agree that it is in their mutual best interests to attempt to resolve certain controversies first through arbitration. [Volkswagen] and Dealer therefore agree that the dispute resolution process outlined in this Article shall be used before seeking legal redress in a court of law or before an administrative agency, for all disputes arising under the following: Article 9(3) (Warranty Procedures), Article 12 (Succeeding Dealers), Article 14 (Termination), Article 15 (Rights and Liabilities Upon Termination) and payments to Dealer in connection with [Volkswagen's] incentive programs.** In the event that a dispute arises in connection with any other provision of this Agreement, [Volkswagen] and Dealer may mutually agree to first submit the dispute to arbitration, in accordance with the provisions of this Article. Both [Volkswagen] and Dealer agree that the ultimate mutual goal of arbitration

5

> is to obtain a fair hearing and prompt decision of the dispute, in an efficient and cost-effective manner, and both agree to work toward that goal at all times hereunder.
>
> **Involuntary Non-Binding Arbitration**
>
> (2) Upon the written request of either [Volkswagen] or Dealer, a dispute arising in connection with this Agreement may be submitted to non-binding arbitration.
>
> **Voluntary Binding Arbitration**
>
> (3) As an alternative to Article 13(2) above, upon the written request of Dealer, a dispute arising in connection with this Agreement will be submitted to binding arbitration.

(Doc. 8-1 at 21 (emphasis in original).)[2]

Reading the quoted provisions as a whole, as the court must, it is clear that as to any dispute arising under the enumerated Articles referenced in Article 13(1), *non*-binding arbitration *may* be invoked upon the written request of either party, but *binding* arbitration *will* be required if the Dealer requests it in writing. Otherwise, Article 13(1) makes clear that, except for the enumerated disputes, arbitration may be required only if *both* Volkswagen and Southern States agree to arbitration. The reference in Article 13(1) to "the dispute resolution process outlined in this Article" includes Article

---

[2] The remaining provisions of Article 13 address the rules of conduct of arbitrations, the time for decision, provisional remedies, tolling of applicable statutes of limitations, and the continuation of the parties' obligations pending final resolution of any dispute. (Doc. 8-1 at 21-22.)

6

13(3), upon which Southern States relies. Thus, unless this lawsuit (or a portion thereof) falls within the enumerated disputes of Article 13(1), Article 13(3) does not come into play. The parties are therefore free to proceed "in accordance with the provisions of this Article," but only following mutual agreement.

Southern States' reading of the Standard Provisions would result in Article 13(3) overriding, and thus rendering superfluous, the specific language of Article 13(1). Indeed, such a reading would vitiate the clear directives of Article 13(1). Cf. Levin, 634 F.3d at 267 (noting that whether one of two provisions in a contract controls "is irrelevant where, as here, the two provisions can be comfortably read together" (citing Universal Concrete Prods. Corp. v. Turner Constr. Co., 595 F.3d 527, 531 (4th Cir. 2010))). Reading Article 13 as a whole, the only reasonable interpretation of its provisions is that argued by Volkswagen.

This leaves for consideration the question whether the complaint or any portion of it seeks relief based on one or more of the enumerated disputes of Article 13(1) for which binding arbitration may be required by a dealer. Southern States does not direct the court to any allegation in the complaint which might fall within one of the areas enumerated in Article 13(1). Volkswagen argues that the dispute arises under Article 6(2) of

the Standard Provisions, and Southern States does not dispute this.

Upon review of the complaint, the court agrees with Volkswagen that the dispute before it arises under Article 6(2) of the Standard Provisions. (See Doc. 1 ¶ 10.) Count I of the complaint alleges breach of contract and is expressly brought pursuant to Article 6. Count II, unjust enrichment, is based on the same conduct. (See id. at 5-7.) The remaining count, Count III, seeks related declaratory relief. (Id. at 7-9.) Because Article 6(2) is not among the enumerated disputes set out in Article 13(1), the instant dispute is not subject to a unilateral demand of binding arbitration by Southern States. Consequently, a stay of prosecution is not warranted.

For the reasons stated above,

IT IS THEREFORE ORDERED that the Motion for Stay of Prosecution by Defendant Southern States Volkswagen, L.L.C. (Doc. 8) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

April 21, 2011